Rodney MILUM, Appellant

v.

The STATE of Texas, Appellee

NO. 01–13–01027–CR

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued December 10, 2015

Randall J. Ayers, Houston, Texas, Attorney for Appellant.

Jessica Akins, Assistant District Attorney, Harris County, Texas, Houston, Texas, for Appellee.

Panel consists of Justices Jennings, Bland, and Brown.

## OPINION

Harvey Brown, Justice

Rodney Milum was found guilty of sexu-

al assault of a child[1] and sentenced to two years' incarceration suspended in favor of eight years' community supervision. The trial court imposed 41 conditions of community supervision and required him to register as a sex offender. In two issues, Milum contends that two of these conditions were improper and that he received ineffective assistance of counsel. We affirm.

## Challenged Conditions

The trial court imposed 41 conditions of community supervision. The record contains no objection to any of them. Milum signed a written copy of the conditions indicating his acceptance of them. These conditions included the two challenged in this appeal:

[¶ 26] You may enter a church, synagogue, or other place of worship only to attend a public service. You may arrive fifteen (15) minutes prior to the service and you must depart the place of worship immediately following the service. You are not to enter any area of the place of worship where children's classes are being conducted or where children play or engage [in] other activities beginning 10/18/2013.

[¶ 32] You may not access to the internet through any manner of method, beginning 10/18/2013, for any reason unless specifically ordered by the Court. You may not view, receive, download, transmit, or possess pornographic material on any computer. You are not to possess pornographic software, images,

or material on any hard drive, [computer disk], or magnetic tape.

■ Milum contends that the trial court abused its discretion by promulgating the two conditions of community supervision limiting his religious participation and internet access. The State contends that Milum waived error by failing to object to the conditions of community service.[2]

## Milum Waived Review

■ A trial court may "abuse its discretion by imposing conditions that are unreasonable or violate constitutional rights or statutory provisions. But such defects must be timely objected to in order to be raised on appeal." *Speth v. State*, 6 S.W.3d 530, 534 n. 10 (Tex.Crim.App.1999); *accord Ivey v. State*, 16 S.W.3d 75, 76 (Tex.App.–Houston [1st Dist.] 2000, no pet.).

The record contains no indication that Milum ever objected to any condition of community supervision. The record indicates that after the jury recommended community supervision, the trial court sentenced Milum and stated several conditions of his community supervisions (albeit not the two challenged conditions). The trial court then indicated that "we will go over all the conditions carefully this morning" and "we will give those to you in writing." The hearing was then conducted off the record by the parties' agreement. The actual review of the conditions with Milum is not in the record. Milum then signed a copy of the conditions. Milum does not argue that he was unaware of

1. Tex. Penal Code Ann. § 22.011(a)(2) (West 2011).

2. The State also suggests that "direct appeal is not the proper vehicle" to challenge the conditions of community supervision because the trial judge may alter them. The statute that the State cites, however, does not prohibit an appeal of conditions of community supervision but merely authorizes the trial judge to "alter conditions of community supervision." Tex. Code Crim. Proc. Ann. art. 42.12 § 10(a) (West Supp.2015). Appeal of community supervision conditions is permissible. *See Lemon v. State*, 861 S.W.2d 249, 252 (Tex.Crim.App.1993).

these two particular conditions, which were included on the document he signed.

These facts are very similar to *Speth v. State*, 6 S.W.3d at 534 n. 9. There, the defendant was "questioned about potential conditions, was orally informed by the trial court of the conditions assessed, and signed a written version of the conditions at the punishment hearing." *Id.* "In light of Speth's awareness of the conditions of community supervision, [the Court of Criminal Appeals] held that his failure to object to those conditions forfeited any complaint about those conditions on appeal." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex.Crim.App.2014) (discussing *Speth*, 6 S.W.3d at 534 n. 9).

 There are two exceptions to the objection requirement. First, a defendant may challenge an unobjected-to condition of community supervision if he did not know about the condition in time to object or had no opportunity to object. *See id.* at 534 n. 9; *Rickels v. State*, 108 S.W.3d 900, 902 (Tex.Crim.App.2003). Second, a defendant need not object to a condition "that the criminal justice system finds to be intolerable and is therefore not a contractual option available to the parties." *Gutierrez–Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex.Crim.App.2014). Conditions that fall into this second exception violate an absolute right of the defendant. *Gutierrez v. State*, 380 S.W.3d 167, 175 (Tex. Crim.App.2012); *see Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997), *abrogated on other grounds by Matchett v. State*, 941 S.W.2d 922 (Tex. Crim.App.1996) (defining absolute rights).

Neither exception to the objection requirement is present here. Milum makes no argument that he did not know about the conditions or that he did not have an opportunity to object. That he signed a written copy of the conditions, which detail exactly what Milum is and is not allowed to do, further indicates that he knew and accepted these restrictions without objection. *See Speth*, 6 S.W.3d at 534 n. 10; *Ivey*, 16 S.W.3d at 76; *Ledet v. State*, 177 S.W.3d 213, 221 (Tex.App.–Houston [1st Dist.] 2005, pet. ref'd).

Nor is either complained-of condition an "intolerable" violation of an absolute constitutional right. Milum's only argument that the conditions are "intolerable" is his constitutional argument: that the restrictions on his participation in religious activities before or after a worship service violate his freedom of worship. This is not an absolute right. *See Marin*, 851 S.W.2d at 279 (holding that not all constitutional rights are absolute rights); *Smith v. State*, 463 S.W.3d 890, 895–96 (Tex.Crim.App. 2015) (holding that right is not absolute under *Marin* unless the statute being applied against defendant has already been declared unconstitutional on its face and that, if it has not yet been declared unconstitutional, defendant must object). Therefore, agreeing to the condition without objection waives error. *Gutierrez*, 380 S.W.3d at 175 & n. 39 (citing *Hart v. State*, 264 S.W.3d 364, 368 (Tex.App.–Eastland 2008, pet. ref'd));

Milum failed to preserve his complaints for our review. Accordingly, we overrule his first issue.

### Ineffective Assistance of Counsel

 Milum contends that, in the alternative, his trial counsel's failure to object constitutes ineffective assistance of counsel. The State suggests our order to Milum to brief the issue of ineffective assistance of counsel was improper. We disagree When a defendant's counsel files an *Anders* brief, the court must conduct "a full examination of all the proceedings,

to decide whether the case is wholly frivolous" and "if it finds any of the legal points arguable on their merits ... it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Anders v. State of Cal.*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The court may identify the arguments that counsel must brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (holding that, in *Anders* case, court of appeals must investigate the record and, if it finds arguable grounds for appeal, remand to trial court to appoint new counsel to present arguments court of appeals identified); *Wilson v. State*, 40 S.W.3d 192, 200 (Tex.App.–Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n. 4 (Tex.App.–Waco 1998, no pet.)) (stating that court of appeals may "identify issues that counsel on appeal should have addressed but did not").

▮ Milum's first counsel filed an *Anders* brief. In response to the *Anders* brief, Milum filed a pro se brief raising, among other arguments, ineffective assistance of counsel. After reviewing the record, we ordered Milum retain a new attorney to brief two issues: (1) "whether any or all of the 41 conditions of community supervision imposed by the trial court are invalid" and (2) "whether failure to object to any of the conditions of community supervision constituted ineffective assistance of counsel." Milum's second counsel also filed an *Anders* brief. In response, we again abated the appeal for new counsel to be appointed. Milum's third counsel filed a brief addressing the first issue but not the second issue. Thus, we issued a third order requiring Milum's counsel to brief both issues. Contrary to the State's assertion, these orders complied with our *Anders* duty to conduct a full examination of all the proceedings to determine whether the appeal is frivolous.

## A. Standard of review

"To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State*, 106 S.W.3d 407, 416 (Tex.App.–Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex.Crim.App.2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999)).

"Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984)).

## B. Performance

With respect to the first *Strickland* prong, "[t]here is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Gavin v. State*, 404 S.W.3d 597, 603 (Tex.App.–Houston [1st Dist.] 2010, no pet.) (citing *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2065). When, as here, the record does not reveal the reasons for trial counsel's actions, "an appellate court should not

find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005) (internal quotation marks omitted); *accord Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003).

To demonstrate that defense counsel's failure to object constitutes ineffective assistance, a defendant "must show that the trial judge would have committed error in overruling such an objection" if it had been asserted. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex.Crim.App.1996). "The trial court has no discretion to impose an 'invalid' condition of community supervision." *Mitchell v. State*, 420 S.W.3d 448, 449 (Tex.App.–Houston [14th Dist.] 2014) (citing *Barton v. State*, 21 S.W.3d 287, 289 (Tex.Crim.App.2000)). If a condition of community supervision contains all of the following three characteristics, it is invalid: "(1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of community supervision." *Ex parte Renfro*, 999 S.W.2d 557, 560 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd); *accord Mitchell*, 420 S.W.3d at 449–50.

### 1. Restrictions on internet usage

■ To assess whether trial counsel's failure to object to these to conditions of community supervision constituted ineffective assistance, we turn first to the condition forbidding Milum from accessing the internet for eight years. Milum contends

that this bears no relationship to his crime and that the failure to object was so outrageous that no competent attorney would have failed to do so.

On its face, the restriction is overbroad. Although the State points out that Milum used electronics to communicate with the complainant, the record only provides evidence that he used voice calls and text messages. There is no evidence that Milum and the complainant ever communicated over e-mail, instant messenger, online dating sites, Skype, Facebook, Twitter, or any other internet service. Nor is there any record evidence of Milum seeking other sexual partners over the internet or accessing internet pornography.

Using the internet is not, in itself, a criminal activity. Many people search for employment on the internet, and many employees are required to access the internet for work. Many people use the internet as their primary access to the news. The internet is a de-facto requirement for education as early as middle school. Many college courses—even traditional classroom courses—require students to use online interaction software to receive assignments, submit assignments to the professor, and engage in online class discussion. Finally, internet access is closely connected with a defendant's right of free speech—using the internet to send and receive communication—a fundamental right.[3]

Nevertheless, because Milum was required to register as a sex offender, the trial court was required to restrict Milum's internet usage. TEX.CODE CRIM. PROC. ANN. art. 42.12(13g) (West Supp.2014). The

---

3. *See generally Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 871–72, 117 S.Ct. 2329, 2344–2345, 138 L.Ed.2d 874 (1997) (striking down federal law regulating internet usage because "vagueness of such a regulation raises special First Amendment concerns because of its obvious chilling effect on free speech"); *Ex parte Lo*, 424 S.W.3d 10, 24–25 (Tex.Crim.App.2013) (striking down law prohibiting "sexually explicit communications" with minor as overbroad restriction on free speech).

statute requiring restrictions on internet use for sex offenders is sensitive to the importance of the internet to students and members of the workforce and allows the court to modify any condition on internet usage that "interferes with the defendant's ability to attend school or become or remain employed...." *Id.* § 41.12(13)(g)(c)(1). Recognizing that the judge was required to restrict Milum's internet usage, but that his client could return to court at any time to seek a modification, Milum's counsel could have thought that he would have a better chance at obtaining relief allowing Milum to access the internet if he returned at a later time, armed with specific reasons why Milum needed internet access. An effective attorney recognizes that sometimes the timing of an argument can be as important as its substance in obtaining relief.

With regards to this condition, therefore, Milum cannot meet the heavy burden of overcoming the "strong presumption that ... the challenged action might be considered sound trial strategy." *Gavin,* 404 S.W.3d at 603 (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065). In the absence of direct evidence of counsel's reasons for the challenged conduct (evidence we do not have), "we will assume a strategic motivation if any reasonable strategy can be imagined." *Weeks v. State,* No. 06–12–00110–CR, 2013 WL 557015, at *4 (Tex. App.–Texarkana Feb. 14, 2013, no pet.) (*citing Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001)). Because a reasonable strategy could justify Milum's attorney's conduct, the attorney's performance does not fall "below an objective standard of reasonableness as a matter of law.... " *Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim.App.2005).

Because we can imagine a "reasonable strategy" for failing to object to this condition, Milum does not meet his burden to

establish that his counsel provided ineffective assistance as to this condition.

**2. Restrictions on church participation**

█ We next turn to the restriction on Milum's church participation. He asserts two reasons why the court would be required to sustain a hypothetical objection. First, he argues that the condition violates his constitutional right to free exercise of religion. Second, he contends that the condition bears no reasonable relationship to his crime.

In some circumstances, paragraph 26's restrictions on church participation may be overbroad. Such restrictions could negatively impact a person's right to be involved in legitimate religious activities at a place of worship that are not part of "public services" and that would not pose any specific danger to minors. For example, the restriction would prevent a person from meeting with a minister for private counseling, making a confession to a minister, or attending adult meetings or events at a church with no involvement with children. It would prevent him from going into a church area designated for private prayer. These activities would bear no relationship to the crime in this case.

Nevertheless, Milum cannot meet his burden of overcoming the "strong presumption that ... the challenged action might be considered sound trial strategy" because counsel may have made a strategic choice not to object to this condition of community supervision for various reasons. *Gavin,* 404 S.W.3d at 603 (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065).

First, counsel's failure to object may have been a strategic choice, thinking he could return to court at a later date to possibly receive a more favorable reception to such an objection based on a specific

need to go on church property other than for a public service. He might believe that a trial court would want specific assurances that a registered sex offender is in fact on church property for legitimate purposes by designating those purposes in advance. Second, Milum may not attend a church, synagogue or mosque and may have no desire to enter such a facility except for public events such as a wedding. Thus, counsel may have felt it was unnecessary to focus the court's attention on this condition. Alternatively, knowing he could return later to request a modification to address a particular circumstance—such as a desire to meet privately with a minister—counsel may have determined that the best strategy was not a global objection at this early stage of community supervision. Again, we can imagine a reasonable strategy that could justify Milum's attorney's conduct, and thus, the attorney's performance does not fall "below an objective standard of reasonableness as a matter of law...." *Andrews*, 159 S.W.3d at 102 (Tex.Crim.App.2005). Thus, Milum's counsel did not meet his burden to establish that his counsel provided ineffective assistance as to this condition.

### Conclusion

We affirm the judgment of the trial court.

Justice Jennings, concurring.

Terry Jennings, Justice, concurring.

I concur in the Court's judgment and join in its opinion except in regard to its

discussion of the second issue of appellant, Rodney Milum.[1]

In his second issue, appellant argues that his trial counsel provided him with ineffective assistance because counsel "failed to object to the trial court's imposition of [certain] conditions of community supervision on appellant, which are unconstitutional and otherwise invalid." The two conditions, to which his trial counsel did not object, place restrictions on appellant's ability to attend religious services/activities and his ability to access the internet.

To prevail on an ineffective-assistance claim, appellant must show that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) counsel's deficient performance caused appellant prejudice, i.e., there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex.Crim. App.2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. It is appellant's burden to establish both prongs of the *Strickland* test by a preponderance of the evidence, and the failure to demonstrate either deficient performance or prejudice will defeat a claim of ineffective-

---

1. In particular, I express concern regarding the majority's analysis of the "performance component" of appellant's ineffective assistance of counsel claim as well as its response to the State's complaint that appellant did not "raise[]" an ineffective-assistance claim until the Court "ordered" him to do so. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 697, 104 S.Ct. 2052, 2064, 2068–69, 80 L.Ed.2d 674 (1984) (explaining ineffective as-

sistance of counsel claim has "performance component" and "prejudice component"); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim.App.2005) ("[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did.").

ness. *See Perez,* 310 S.W.3d at 893; *Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim.App.1998).

Although a defendant may assert a claim of ineffective assistance of counsel for the first time on direct appeal, often times the record in such a case is insufficient. *See Cannon v. State,* 252 S.W.3d 342, 349 (Tex. Crim.App.2008); *see also Menefield v. State,* 363 S.W.3d 591, 592–93 (Tex.Crim. App.2012); *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim.App.1999). Here, appellant did not file a motion for new trial in the trial court, and the record presented to this Court on direct appeal is limited regarding his ineffective-assistance claim. *Cf. Tufele v. State,* 130 S.W.3d 267, 271 (Tex.App.–Houston [14th Dist.] 2004, no pet.).

Notably, while appellant devotes the majority of his argument regarding his ineffective-assistance claim to asserting that his trial counsel's performance was deficient, he does not identify how such a deficient performance by his counsel actually prejudiced him. In his brief, appellant devotes only a single sentence to arguing that he was prejudiced by his trial counsel's failure to object to the above-referenced community-supervision conditions. Specifically, appellant states, without citation to the record or supporting authority:

 ... [B]ut for [a]ppellant's trial counsel's failure to object to the invalid conditions of supervision, the outcome would have been different in that [a]ppellant would either not have been saddled with unconstitutional and legally invalid conditions of community supervision for a period of eight years in the first place (*had the trial court sustained the objections*), or would at least have clearly preserved the right to challenge those invalid conditions and seek their deletion on appeal.

Mere conclusory assertions of prejudice are not enough. In order to prevail on his ineffective-assistance claim, "the record must affirmatively demonstrate the meritorious nature of [his] claim," and appellant must be able to direct this Court to objective facts in the record to support a lack of confidence in the outcome, i.e., proof of prejudice. *See Menefield,* 363 S.W.3d at 592 (internal quotations omitted); *Bone v. State,* 77 S.W.3d 828, 836–37 (Tex.Crim.App.2002); *see also Applin v. State,* 341 S.W.3d 528, 535 (Tex.App.–Fort Worth 2011, no pet.) ("It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record."). Here, the record simply does not provide such evidence of prejudice.

Because the limited record available in this direct appeal does not support a finding of prejudice, I would hold that appellant has not met his burden under the second prong of the *Strickland* test and cannot prevail on his ineffective-assistance claim at this juncture.[2] *See Ladd v. State,* 3 S.W.3d 547, 570 (Tex.Crim.App.1999)

---

**2.** It should be noted that appellant is not without recourse in regard to his ineffective-assistance claim. It is well-established that appellant "can resubmit his claim via an application for writ of habeas corpus," which would allow an opportunity for "a dedicated hearing [in the trial court] to consider the facts, circumstances, and rationale behind counsel's actions" and would provide appellant with an opportunity to establish that he has been prejudiced by his counsel's failure to object to the challenged community-supervi-

sion conditions. *See Thompson v. State,* 9 S.W.3d 808, 814–15 (Tex.Crim.App.1999); *see also Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App.1998) ("[W]e have held that, when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, we will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal.").

(defendant's failure to make any effort to prove prejudice from defense counsel's allegedly deficient performance during punishment phase of capital murder trial precluded relief on ineffective-assistance claim); *Mitchell v. State,* 989 S.W.2d 747, 748 (Tex.Crim.App.1999) (defendant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance).