

# NUMBER 13-25-00202-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ASHLEY LYNETTE SALINAS
A/K/A ASHELY SALINAS,                                    Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

---

## ON APPEAL FROM THE 51ST DISTRICT COURT
## OF TOM GREEN COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant Ashley Lynette Salinas a/k/a Ashely Salinas was convicted of burglary of a habitation, with intent to commit another felony, a first-degree felony, and sentenced to twelve years' incarceration. TEX. PENAL CODE § 30.02(d). By one issue appellant contends that the trial counsel that represented her at a prior plea agreement hearing,

wherein she agreed to new terms of community supervision, rendered ineffective assistance of counsel by misinforming her of which drug program she would have to complete. We affirm.[1]

## I.    BACKGROUND

On September 13, 2017, appellant was placed on deferred adjudication community supervision for a period of five years pursuant to a plea agreement with the State. On February 23, 2023, the State filed a motion to revoke deferred adjudication community supervision and to proceed to adjudicate guilt—amended on October 23, 2023. On November 1, 2023, a Status Report was filed in the trial court stating that the State and appellant requested a non-jury setting in that appellant would offer a plea of true and "will go to Journey Recovery Center [(JRC)], ADAC, for nine (9) months." The State and appellant's attorney at the time signed the status report. Appellant's trial counsel at the time also signed for appellant. The status report has a section titled, "**ORDER**," which states: "**Until this Order is signed by the Court, the case remains on the calendar without the changes requested.**" The place for a signature by the "District Judge/Court Administrator" is blank.

On December 1, 2023, the trial court signed an order amending conditions of community supervision in lieu of revocation, which extended appellant's community supervision for a period of two years and stated, among other things, that appellant "surrender herself to the Tom Green County Jail on or before December 3, 2023" to be transported "to the Concho Valley Female Community Corrections Facility." The order

---

[1] This appeal was transferred to this Court from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

states that "in lieu of incarceration," appellant "shall participate in all programs deemed appropriate, and shall neither voluntarily terminate participation . . . nor voluntarily depart from the premises of said facility without specific written permission" and that "[w]hile under custodial supervision," appellant "**will attend and participate in the . . . Substance Abuse Treatment Facility (SATF) program for a minimum of 9 months and not to exceed 2 years**." Appellant signed under the notice stating:

> I have been informed of my right to appear in person and/or by attorney to contest the inclusion of such conditions and I do waive a hearing thereon and hereby voluntarily and knowingly give my consent to such modification of Terms of Community Supervision to include and incorporate the above mentioned conditions.

The order states, "By approval of this amended order, the District Attorney moves to dismiss the Motion to Revoke heretofore filed herein, and the Court does hereby dismiss said Motion to Revoke." Appellant also signed under the statement that she had received a copy of the community supervision conditions.

On January 1, 2024, the State filed a motion to revoke deferred adjudication community supervision and to proceed to adjudicate guilt, alleging that appellant had violated the terms of community supervision by "failing to surrender herself to the Tom Green County Jail on or before" December 3, 2023, and failing to attend the SATF program. The trial court held a revocation hearing on November 14, 2024.

William Monpere, a unit supervisor with the Concho Valley Community Supervision Corrections Department, testified that the State and appellant entered a plea agreement, memorialized in the trial court's December 1, 2023 order, that she would report to the Tom Green County Jail for placement in the SATF program, and that her community supervision would be extended for two more years. Monpere stated that appellant failed

3

to report to the Tom Green County Jail and therefore had not completed the SATF program. Monpere stated he had personal knowledge that appellant knew that she was required to complete the SATF program based on "talking" with her then "attorney . . . [and] getting all the documents signed." Monpere said, "I let her know, 'Hey, tomorrow you need to make sure you're at the jail by 2:00 p.m.'; and then she let me know that she thought she was going to JRC [('Journey Recovery Center')]." Monpere continued, "I told her, 'That wasn't what you had signed for. You had signed for the SATF program.'" Monpere said he asked appellant whether she had reviewed the conditions with her trial counsel, and she told him "that she did." Monpere testified that he asked appellant if she had read the documents, and "she said she tried to." After Monpere told appellant that the first page of the order stated that she had to report for the SATF program, appellant "hung up on [him]."

On cross-examination, Monpere stated that the JRC program is very different from SATF program and is shorter than nine months. Appellant's trial counsel asked, "And the amendments that were in fact filed that she signed were for SATF and not [JRC]; is that correct?" Monpere replied, "That is correct." On redirect examination, Monpere testified that it was recommended that appellant attend the SATF program because there is "a line of progression," which appellant had already completed, which included the JRC program. Monpere said that appellant had still been "struggling" with methamphetamine abuse, and short-term programs such as at JRC do not "really work." Therefore, according to Monpere, after completing the JRC program and still having abuse issues, the department "referred her to the CRTC program," which she completed and then she "relapsed again"; thus, "the next step in progressive sanctions would be the SAFT

4

program." Monpere recommended revocation.

Appellant testified that Defense Exhibit No. 4, which is the Status Report, shows that she would have to report for treatment at "Journey." Appellant faulted her previous trial counsel for misinforming her that she was agreeing to attend the JRC program. Her revocation trial counsel asked, "How long did he tell you the program was," and appellant replied, "He didn't say . . . Well, he said it was thirty days, as a matter of fact." Appellant's revocation trial counsel asked, "Now, on [the Status Report] it does say that it's a nine-month program. Did he tell you that part of it?" Appellant responded, "No, sir." Appellant claimed that JRC has a nine-month program. Appellant acknowledged that she signed the December 1, 2023 order, which explicitly states she must complete the SAFT program but insisted that her trial counsel at that time "just told" her that she "needed to sign the amendment and that [she] was going to [JRC]." Appellant claimed that she had not read the December 1, 2023 order and just signed it anyway. Appellant said, "But I did tell them that if it said anything other than [JRC] that I was not agreeing to it, because I had proof of what I had completed and they were saying I didn't complete."

The trial court revoked community supervision, adjudicated appellant guilty, and sentenced her to twelve years' incarceration. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

We will sustain an ineffective assistance claim if the preponderance of the evidence shows that trial counsel's (1) performance was deficient by falling below an objective standard of reasonableness and (2) the deficiency caused such prejudice that there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88,

694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). "A claim for ineffective assistance of counsel must be affirmatively supported by the record." *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### III. DISCUSSION

By her sole issue, appellant contends her previous trial counsel rendered ineffective assistance by telling her that in lieu of revocation, she could report to JRC.

Monpere testified that appellant knew that she was required to attend the SATF program, and she signed the December 1, 2023 order that clearly indicates that she was required to attend the SAFT program and that she will attend and participate in the "[**SATF**] **program for a minimum of 9 months and not to exceed 2 years**." Appellant signed the December 1, 2023 order acknowledging that she received a copy of the community supervision conditions, she was informed of her right to contest the modifications of community supervision, and she gave her consent to the modifications. Based on the evidence presented, the trial court could have reasonably disbelieved appellant's testimony that her trial counsel misinformed her and believed that she knew about the program she agreed to attend. *See Milum v. State*, 482 S.W.3d 261, 264 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("That he signed a written copy of the conditions, which detail exactly what Milum is and is not allowed to do, further indicates that he knew and accepted these restrictions without objection."); *see also Armstrong v. State*, No. 10-02-077-CR, 2003 WL 22023575, at *1 (Tex. App.—Waco Aug. 27, 2003, pet. ref'd) (mem. op., not designated for publication) (explaining that the appellant signed documents that listed the conditions of community supervision reflecting that he knew about the objectionable conditions of community supervision); *Garcia v. State*, No. 2-01-397-CR,

6

2003 WL 21197409, at *3 (Tex. App.—Fort Worth May 22, 2003, pet. ref'd) (mem. op., not designated for publication) (explaining that "the judge who presided at the new trial hearing was able to evaluate [the a]ppellant's credibility," concerning whether her trial counsel misinformed her and stating, "we are not in a position to disturb his ruling absent an abuse of discretion"). Therefore, we cannot conclude that appellant's claim that she was misinformed by her previous trial counsel is adequately supported in the record and conclude that appellant has not overcome the presumption that counsel provided reasonable assistance. *See Strickland*, 466 U.S. at 687–88, 694; *Perez*, 310 S.W.3d at 892–93. We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
9th day of April, 2026.

7